## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| IVIS N. COLÓN-VÁZQUEZ, personally and on behalf of her minor daughter, E.C.C., | CIVIL NO. 13-1175 |
| Plaintiffs, | |
| v. | PRELIMINARY AND PERMANENT INJUNCTIVE RELIEF; ATTORNEY'S FEES AND COSTS |
| COMMONWEALTH OF PUERTO RICO; and the DEPARTMENT OF EDUCATION OF PUERTO RICO, | |
| Defendants. | |

### VERIFIED COMPLAINT

**TO THE HONORABLE COURT:**

**NOW COME** the plaintiffs, through their undersigned attorney, and very respectfully state, allege and pray as follows:

### INTRODUCTION

1. This is an action for preliminary and permanent injunctive relief, and attorney's fees and costs brought by Mrs. Ivis N. Colón-Vázquez, personally and on behalf of her minor daughter, E.C.C., a child with disabilities, pursuant to the Individuals with Disabilities Education Act (hereinafter "IDEA"), 20 U.S.C. §§ 1400 et seq.

2. This action arises under section 1415(i)(3)(B) of the IDEA which provides that a federal district court can award

attorneys' fees to the parents or guardian of a child with a disability who is a prevailing party in an administrative proceeding. See 20 U.S.C. § 1415(i)(3)(B)(i)(I). See also 34 C.F.R. § 300.517(a)(1)(i) (2010).

3.    A declaratory judgment and permanent injunctive relief is also sought for the discriminatory conduct taken against minor student, E.C.C.

4.    The discriminatory action consists of defendants' refusal to provide E.C.C. with a free appropriate public education, as required by federal law.

## JURISDICTION AND VENUE

5.    Jurisdiction is conferred on this Court by 20 U.S.C. §§ 1415 (i)(2)(A) and (i)(3)(A); 28 U.S.C. §§ 1331, 1343 (a)(4), 2201 and 1441; 20 U.S.C. § 1415. See also 34 C.F.R. § 300.516 (2010).

6.    Venue is proper in this District Court pursuant to 28 U.S.C. § 1391 as the events giving rise to this claim occurred in this district, and all parties are residents of Puerto Rico.

## PARTIES

7.    Co-plaintiff Mrs. Ivis N. Colón-Vázquez is the mother and legal custodian of minor E.C.C.

8.    Co-plaintiff E.C.C. is a ten (10) year old child who is diagnosed with Down Syndrome, attention deficit hyperactivity

disorder, and other health complications which require special educational accommodations and related services.

9.   E.C.C. resides with his mother in the Municipality of Bayamón, Puerto Rico.

10.   E.C.C. is duly registered with the Department of Education of the Commonwealth of Puerto Rico (hereinafter referred to as the "DOE") as a child with disabilities with registration number 0004-2625, and is registered on the DOE's Bayamón III District, Bayamón Region.

11. E.C.C. is currently enrolled in the Dr. Hiram González School in the Municipality of Bayamón, which is a public school owned and administered by the DOE.

12.   As a child with disabilities, E.C.C. is qualified by federal and state law to participate in the academic and related services program of the public education system administered by the DOE.

13.   Plaintiff Mrs. Ivis N. Colón-Vázquez, personally and in her capacity as mother and legal guardian of minor E.C.C., respectfully requests that the Court order defendants to provide the relief granted to them by the administrative forum.

14.   Plaintiffs also seek that defendants be ordered to provide the attorney's fees and costs entitled to them as prevailing parties during administrative case number 2012-111-022, as well as those incurred in the prosecution of the instant

action.

15. The Commonwealth of Puerto Rico is included as co-defendant due to the DOE's lack of capacity to sue and be sued. The Commonwealth is represented by the Department of Justice, whose physical address is Olimpo Street, Axtmayer Corner, Stop 11, San Juan, P.R., and postal address is P.O. Box 9020192, San Juan, P.R. 00902-0192.

16. The Department of Education is the agency of the Commonwealth of Puerto Rico responsible for providing and administering the public education system in the Commonwealth of Puerto Rico. The physical address of the DOE is Urbanización Industrial Tres Monjitas, Avenida Federico Costas, Equina Calaf, Hato Rey, Puerto Rico, 00919, and the postal address is P.O. Box 190759, San Juan, P.R. 00917.

17. As a recipient of federal funding, the DOE is responsible for providing a free appropriate public education suited to the particular needs of minor E.C.C., a child with disabilities.

**STATEMENT OF THE CASE**

18. On July 3, 2012, plaintiffs filed administrative complaint number 2012-111-022 requesting that the DOE be ordered, *inter alia*, to provide E.C.C. with an appropriate educational placement, an Individualized Educational Program, multiple related services, payment of the transportation

4

scholarship, and compensatory educational and related services for those services wrongfully denied by the DOE.

19. Two (2) administrative hearing sessions were held on August 6, 2012, and October 2, 2012.

20. The hearing official eventually ruled in plaintiffs' favor and ordered the DOE to provide the remedies sought in the administrative complaint.

21. On October 11, 2012, administrative official Juan Palerm issued a *Resolution* ordering the DOE to provide minor student E.C.C. with a teaching assistant (also known as a "T-1 assistant), to issue payment for the reimbursement of the total costs incurred by Mrs. Colón-Vázquez in the purchase of an assistive technology equipment which should had been provided by the DOE, payment of the transportation scholarship owed for the academic years 2010-2011 and 2011-2012, training to the student, mother and faculty in the use and handling of the assistive technology equipment provided to E.C.C., and adapted physical education, among other relief granted.

22. The DOE has failed up to date to fully comply with the *Resolution* issued by administrative official Palerm in case number 2012-111-022.

23. Defendants' failure to comply with the aforementioned administrative decree constitutes a clear and manifest violation of federal law, which disallows discrimination against students

5

with disabilities. Such conduct confirms plaintiffs' need for immediate injunctive relief.

24. Defendants' inaction demonstrates their unwillingness to comply with the strict mandates of the IDEA.

25. The *Resolution* issued by hearing officer Juan Palerm in administrative case number 2012-111-022 was not timely appealed by the DOE and, therefore, became final.

26. In view that the relief requested in the administrative complaint was obtained, making plaintiffs the prevailing party, IDEA's section 1415(i)(3)(B) provides for the payment of the attorney's fees, costs and expenses incurred in the administrative proceeding, as well as those additional fees and costs spent in the present litigation.

## FIRST CAUSE OF ACTION

27. Plaintiffs re-allege and incorporate paragraphs 1 through 26 of this *Verified Complaint*.

28. Defendants failure to provide minor E.C.C. with all of the relief granted by the administrative official constitutes a violation of the Individuals with Disabilities Education Act, 20 U.S.C. §§ 1400 et seq.

29. By failing to provide the relief granted in the October 11, 2012 *Resolution* issued in case number 2012-111-022, and as required by federal law, defendants have discriminated against minor E.C.C., a child with disabilities.

30. Defendants failure to comply with the administrative decrees issued in case number 2012-111-022 constitutes a clear and manifest breach of federal law.

### SECOND CAUSE OF ACTION

31. Plaintiffs re-allege and incorporate paragraphs 1 through 30 of this *Verified Complaint*.

32. IDEA's section 1415(i)(3)(B) provides that a federal district court can award attorney's fees and costs to the parents or guardian of a child with a disability who is a prevailing party in an administrative or judicial proceeding. See also 34 C.F.R. § 300.517(a)(1)(i) (2010).

33. The relief requested in the administrative proceeding was granted by the administrative official, making plaintiffs the prevailing party in such proceeding. Consequently, plaintiffs are entitled to attorney's fees pursuant to 20 U.S.C. § 1415 (i)(3)(B)(i)(I).

34. Plaintiffs request an award of the attorney's fees and costs incurred in administrative proceeding number 2012-111-022, as well as those additional fees and costs which will be spent in the present litigation up to its final disposition.

35. Attached to this *Verified Complaint* is a detailed invoice for the legal services provided up to date by the undersigned counsel in administrative proceeding number 2012-111-022, and in the preparation and filing of the instant case

complaint. See **Exhibit #1,** itemized invoice number 11442.

36. All of the costs and expenses itemized in Exhibit #1 were necessarily incurred in the successful prosecution of administrative proceeding number 2012-111-022, and in the preparation and commencement of the present legal action.

37. The hourly rate charged for the services provided by the undersigned attorney is $135.00 per hour charged in one tenth of an hour (.10) increments.

38. The undersigned attorney's $135.00 hourly rate was most recently deemed reasonable and appropriate by this Court for special education litigation in the cases of González-Pérez v. Commonwealth of P.R., Civil No. 12-1093 (JAF), at docket number 19 (Opinion and Order issued on November 16, 2012), and in Rodríguez-Grau v. Commonwealth of P.R., Civil No. 12-1425 (FAB/CVR), at docket entry number 22 (Report & Recommendation issued by Magistrate Judge Camille Vélez-Rivé on November 16, 2012).

39. Plaintiffs' counsel hourly fee has also been recognized as reasonable and appropriate by this Honorable Court in numerous other cases including, *inter alia,* Hernández-Rodríguez v. Commonwealth of P.R., 764 F. Supp. 2d 338, 344 (D.P.R. 2011); Warren-González v. Commonwealth of P.R., Civil No. 12-1097 (FAB/MEL), at docket entry number 31 (Report & Recommendation issued by Magistrate Judge Marcos E. López on

July 31, 2012); Reyes-Ortiz v. Commonwealth of P.R., Civil No. 12-1080 (FAB/BJM), at docket entries number 29, 35 and 36 (Opinion and Order issued on June 26, 2012); Santos-Díaz v. Commonwealth of P.R., Civil No. 11-1957 (JAF), at docket number 18 (Opinion and Order issued on May 16, 2012); Mercado-Nieves v. Commonwealth of P.R., Civil No. 10-1737 (JP/JAF), at docket number 45; Oliveras-Rivera v. Commonwealth of P.R., Civil No. 10-2218 (GAG), at docket entries number 9 and 10; García-Mejías v. Commonwealth of P.R., Civil No. 11-1247 (JAG) (BJM), at docket entries number 17, 19 and 20; and in Arroyo-Rivera v. Commonwealth of P.R., Civil No. 11-1927 (DRD), at docket entry number 15.

40. The undersigned attorney is a sole practitioner with nine years of experience actively litigating civil cases in both federal and state courts.

41. In May of 2000, the undersigned obtained a bachelor of science in business administration degree with majors in finance and management, as well as a minor in economics, with honors, from the University of Florida, Warrington College of Business Administration in Gainesville, Florida. Thereafter, the undersigned obtained a *juris doctor* degree, achieving *cum laude* honors, from the University of Puerto Rico, School of Law, in June of 2003.

42. The undersigned was admitted to the Puerto Rico bar

immediately following graduation from law school, achieving a 97 percentile result in the bar exam, having been sworn in January of 2004. Shortly thereafter, the undersigned was authorized to practice as a notary public in Puerto Rico.

43.  On June 25, 2004, the undersigned was admitted to practice in this Honorable District Court (Bar No. 221714), and on September of 2004 to the U.S. Court of Appeals for the First Circuit (Bar No. 100945).

44.  Since early 2004, the undersigned has been actively litigating multiple cases in federal and state courts.  In fact, as of this date the undersigned figures as counsel in reported cases from this District Court and the First Circuit. See, e.g., Lloyd's of London v. Pagán-Sánchez, 539 F.3d 19, 2008 A.M.C. 1990 (1st Cir. 2008); Hernández-Rodríguez v. Commonwealth of P.R., 764 F. Supp. 2d 338 (D.P.R. 2011); Sylva v. Culebra Dive Shop, 389 F. Supp. 2d 189, 2005 A.M.C. 2344 (D.P.R. 2005). See also unpublished opinions available in the LexisNexis database such as Pinzón-Bilbrault v. Commonwealth of P.R., Civil No. 10-1630 (SEC), 2011 U.S. Dist. Lexis 72698 (D.P.R. July 6, 2011); Díaz-Báez v. Alicea-Vasallo, Civil No. 10-1570 (JAG), 2011 U.S. Dist. Lexis 39225 (D.P.R. March 31, 2011); Oliver v. Kmart Corp., Civil No. 08-1660, 2009 U.S. Dist. Lexis 21473 (D.P.R. March 13, 2009); Ortiz-Zambrana v. García-Santiago, Case No. KLRA 2010-01175, 2011 PR App. Lexis 3259 (P.R. Ct. App. December

12, 2011); Rosado-Mojica v. Diagnostic Imaging Center, Case No. KLAN 2011-01386, 2011 PR App. Lexis 3600 (P.R. Ct. App. November 30, 2011); Ortiz-Zambrana v. García-Santiago, Case No. KLRA 2010-01175, 2010 PR App. Lexis 4827 (P.R. Ct. App. November 16, 2010); Pueblo International, LLC v. Plaza Las Américas, Inc., Case No. KLAN 2007-00265, 2008 PR App. Lexis 1913 (P.R. Ct. App. May 27, 2008); Popular Auto v. Vélez-Báez, Case No. KLCE 2006-01111, 2006 PR App. Lexis 3107 (P.R. Ct. App. November 30, 2006); Pueblo International, LLC v. Plaza Las Américas, Inc., Case No. KLCE 2004-00767, 2006 PR App. Lexis 1865 (P.R. Ct. App. August 25, 2006); Ayala-Rivera v. Banco Popular de P.R., Case No. KLCE 2005-00933, 2005 PR App. Lexis 2964 (P.R. Ct. App. September 26, 2005); Simons-Burgos v. Banco Popular de P.R., Case No. KLCE 2005-00074, 2005 PR App. Lexis 00721 (P.R. Ct. App. March 28, 2005); Pueblo International, LLC v. Plaza Las Américas, Inc., Case No. KLCE 2004-01007, 2004 PR App. Lexis 1789 (P.R. Ct. App. October 13, 2004); Pueblo International, LLC v. Plaza Las Américas, Inc., Case No. KLCE 2004-00572, 2004 PR App. Lexis 0781 (P.R. Ct. App. May 24, 2004).

45. Counsel for the appearing parties has effectively represented clients in numerous special education cases before administrative forums all over the Island, and in local and federal judicial courts. See, e.g., Rojas-Mercado v. DOE, 2008-014-011, 2010-014-001; Delgado-López v. DOE, 2009-098-022, 2011-

098-003, 2011-098-017; Mercado-Nieves v. Commonwealth of P.R., KPE 2010-1188 (907), KPE 2010-2188 (907), 10-1737 (JP/JAF); López-Lamboy v. Commonwealth of P.R., 10-1316 (FAB)(JA); Román-Hernández v. DOE, 2010-032-002, 2010-032-005; Candelaria-Agrón v. Commonwealth of P.R., KPE 2010-1737 (907); Vázquez-Padilla v. Commonwealth of P.R., 10-1966 (FAB); Santa-López v. DOE, 2010-021-011; Santa-Rodríguez v. Commonwealth of P.R., 11-1086 (SEC); García-García v. DOE, 2009-09-042, 2010-69-058; García-Mejías v. Commonwealth of P.R., KPE 2010-2964 (907), KPE 2010-4452 (907), 11-1247 (JAG)(BJM); Hernández-Rodríguez v. Commonwealth of P.R., 764 F. Supp. 2d 338 (D.P.R. 2011); Oliveras-Rivera v. Commonwealth of P.R., KPE 2010-3332 (907), KPE 2010-3333 (904), 10-2218 (GAG); López-Castro v. Commonwealth of P.R., KPE 2010-4828 (904), 11-1299 (DRD); Buono-Toledo v. DOE, 2010-020-008; Arroyo-Meléndez v. DOE, 2010-013-054; Santos-Ortiz v. DOE, 2010-004-035; Fernández-González v. DOE, 2010-050-005, 2011-050-006; Santa-Rodriguez v. Commonwealth of P.R., 11-1086 (SEC); Hernández-Santiago v. DOE, 2011-066-001; De la Cruz-Santiago v. DOE, 2011-066-002; Rosado-Galagarza v. DOE, 2011-073-004; Rodríguez-Betancourt v. DOE, 2011-100-019; Betancourt-Rodríguez v. DOE, 2011-100-026, 2011-100-072; Llaneza-Sarnelli v. DOE, 2011-030-035, 2011-030-080; Gonzalez-Warren v. DOE, 2011-069-019; Prieto-Reyes v. DOE, 2011-069-019; Matos-Canales v. DOE, 2011-095-034; Morales-Rivera v. DOE, 2011-052-020; Meléndez-Rivera v.

DOE, 2011-031-021; Arroyo-Rivera v. Commonwealth of P.R., 11-1927 (DRD); Galagarza-Flores v. Commonwealth of P.R., 11-1997 (GAG); Santiago-Morales v. Commonwealth of P.R., 11-2020 (GAG); Oquendo-Oliveras v. DOE, 2011-095-043; Robelo-Rodríguez v. DOE, 2011-107-049; López-De Jesús v. DOE, 2012-111-022; Pacheco-Cubero v. DOE, 2012-111-022; Santos-Díaz v. Commonwealth of P.R., Civil No. 11-1957 (JAF); Reyes-Ortiz v. Commonwealth of P.R., Civil No. 12-1080 (FAB); Betancourt-Morales v. Commonwealth of P.R., 12-1087 (GAG); Matos-Tallada v. Commonwealth of P.R., Civil No. 12-1131 (SCC); López-Lamboy v. Commonwealth of P.R., 12-1138 (JAG)(BJM); Sarnelli-Montero v. Commonwealth of P.R., 12-1209 (PG); Gómez-Pérez v. DOE, 2012-111-022; Colón-Ruiz v. DOE, 2012-111-022; Oquendo-Oliveras v. DOE, 2011-095-043, 2012-095-011; Rivera-Santiago v. DOE, 2012-111-022; De la Paz-Levine v. DOE, 2012-111-022; Menéndez-Vergara v. DOE, 2012-004-005; Ríos-Díaz v. DOE, 2012-101-030; Castrello-Lago v. DOE, 2012-064-033; Oliveras-Rosado v. Commonwealth of P.R., KPE 2012-1130 (907); Warren-González v. Commonwealth of P.R., Civil No. 12-1097 (FAB); Toledo-Barrionuevo v. Commonwealth of P.R., Civil No. 11-1949 (FAB).

46. Furthermore, up to date plaintiffs' counsel has prevailed in all special education cases against the DOE, in both judicial (federal and state) and administrative forums.

47. In light of the educational and practical experience

gathered by the undersigned attorney, the hourly rate of $135.00 is deemed reasonable.  Such an hourly rate falls within the lower spectrum of the prevailing rate for attorney's in the legal community of Puerto Rico for specialized cases such as the one of caption.  Moreover, when rates of $200.00 or more have been accepted by the Department of Education and ordered by the Court in similar cases to the one at hand. See, e.g., Zayas v. Commonwealth of Puerto Rico, 451 F. Supp. 2d 310, 315-16 (D.P.R. 2006). See also Gonzalez v. P.R. Dept. of Education, 1 F. Supp. 2d 111, 115 (D.P.R. 1998)(deeming as reasonable a $135.00 hourly rate for a Puerto Rico attorney fourteen years ago).

48.  In fact, the Zayas Court recognized that the lower end of the prevailing rate for attorneys in the Puerto Rico community was $110.00 per hour back in 2006. See Zayas, 451 F. Supp. 2d at 316.  Hence, the $135.00 hourly rate of the undersigned counsel, billed in one tenth of an hour (.10) increments, should be held as reasonable, as it has been recognized by this Court in Hernández-Rodríguez, 764 F. Supp. 2d at 344, and in the unpublished decisions issued in the Reyes-Ortiz, Arroyo-Rivera, Mercado-Nieves, López-Lamboy, and Oliveras-Rivera cases. See Civil No. 12-1080 (FAB), at entries number 29 and 35-36; Civil No. 11-1927 (DRD), at entry number 15; Civil No. 10-1737 (JP/JAF), at entry number 45; Case No. 10-1316 (FAB)(JA), at docket entry 15; Case No. 10-2218 (GAG), at

14

docket entries 9-10.

### PRAYER FOR RELIEF

**WHEREFORE,** plaintiffs respectfully request that this Honorable Court enter judgment in their favor, granting the following relief against defendants:

1. A declaration that defendants have violated plaintiffs' federal rights, which are guaranteed by the IDEA.

2. Issue a preliminary injunction ordering defendants to immediately provide minor student E.C.C. with the relief granted by the administrative forum.

3. Issue a permanent injunction enjoining defendants from depriving or interfering with plaintiffs' federal rights.

4. Award plaintiffs with the costs, expenses and attorney's fees incurred in the administrative proceeding, plus all the additional fees, costs, and expenses spent in the prosecution of this action.

5. Grant any such other and further relief as it may deem just and proper.

### STATEMENT UNDER PENALTY OF PERJURY

I, Ivis N. Colón Vázquez, of legal age, single, unemployed, and resident of the Municipality of Bayamón, Puerto Rico, solemnly declare as follows:

1.   My personal circumstances are as above stated.

15

2.  That I am the mother and legal custodian of minor E.C.C.

3.  That I am aware of the contents of the *Verified Complaint* that precedes this statement, since our counsel has verbally translated it to me, and certify that all of its contents are true and correct to the best of my knowledge.

4.  That I respectfully request that this Honorable Court schedule this matter urgently and order the DOE to immediately provide my minor daughter with all the relief granted by the administrative forum, and order the payment of all the attorney's fees, costs and expenses incurred by our counsel in administrative proceeding number 2012-111-022, and any additional fees and costs spent in the filing and litigation of this action up to its conclusion.

5.  That I am giving this statement freely and voluntarily.

I hereby solemnly declare, under penalty of perjury, that the foregoing is true and correct.

Executed in San Juan, Puerto Rico, on February 5, 2013.

_____
IVIS N. COLÓN VÁZQUEZ

**RESPECTFULLY SUBMITTED.**

In San Juan, Puerto Rico, this 5th day of February, 2013.

*S/Francisco J. Vizcarrondo-Torres*
FRANCISCO J. VIZCARRONDO-TORRES
USDC-PR No. 221714
P.O. Box 195642
San Juan, P.R. 00919-5642
Tels No. (787) 296-9521/9523
Fax No.  (787) 777-1399
fvizcarrondo@fjvtlaw.com
fvizcarrondo@gmail.com